IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SOUZA DA SILVA SOARES,

        Plaintiff,

   v.

CONTINENTAL MOTORS, INC, et al.,

        Defendants.

Civil Action No. 20-cv-00006-RGA

MEMORANDUM OPINION

Philip T. Edwards, MURPHY & LANDON, Wilmington, DE, Attorney for Plaintiff.

Andrea S. Brooks, WILKS, LUKOFF & BRACEGIRDLE, LLC, Wilmington, DE; Sherri R. Ginger, Timothy A. Heisterhagen, ARMBRECHT JACKSON LLP, Mobile, AL, Attorneys for Defendants.

August 3, 2020

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before the Court is Plaintiff's motion to remand for lack of subject matter jurisdiction. (D.I. 15). Plaintiff initiated this action against three Defendants in Delaware Superior Court on December 20, 2019. (D.I. 1-1 ex. A at 1; D.I. 16 at ¶ 1). Defendants filed a notice of removal on January 3, 2020 and an amended notice of removal on January 27, 2020. (D.I. 1; D.I. 11). Defendants' amended notice of removal alleges fraudulent joinder of Defendant Technify Motors GmbH, a citizen of Germany. (D.I. 11 at ¶¶ 4, 6-7). Plaintiff's motion to remand asserts that the Court lacks subject matter jurisdiction because both Plaintiff and Technify Motors GmbH ("German Technify") are foreign citizens, and it requests fees and costs associated with Defendants' removal. (D.I. 15 at 2-3). Plaintiff argues that joinder of the alien Defendant was not fraudulent. (*Id*. at 5). Defendants argue that Plaintiff has no reasonable basis for the joinder of German Technify because Delaware courts lack personal jurisdiction over German Technify. (D.I. 23 at 6). The motion is fully briefed. (D.I. 15; D.I. 23; D.I. 24). For the reasons set forth below, the Court grants Plaintiff's motion to remand and denies Plaintiff's request for attorney's fees.

I.   BACKGROUND

This action was brought as a wrongful death action on behalf of the decedent's estate. (D.I. 16 ¶ 11). The decedent died in a plane crash after departing from Turks and Caicos Islands. (*Id*. at ¶¶ 40-41). Plaintiff alleges negligence, breach of duty to warn, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and breach of express warranty against all Defendants. (D.I. 1-1 ex. A at 1, 6, 10, 12, 14, 16; D.I. 16 at 8, 10, 12, 13, 15).

Plaintiff is a "resident" of Brazil.[1]  (D.I. 16 at ¶ 8).   German Technify is a citizen of Germany.[2]  (*Id*. at ¶ 17).  Plaintiff alleges that German Technify was "engaged in the business of designing, manufacturing, integrating, assembling, modifying, maintaining, inspecting, testing, servicing, marketing, selling, and/or distributing aircraft engines and their component parts, including the engine installed on the Cessna 172S JT-A in which [the decedent] was a passenger at the time of his death." (*Id*. at ¶ 17).  Defendants argue that German Technify was fraudulently joined because Delaware lacks personal jurisdiction over it. (D.I. 11 ¶ 7).  Defendants' allegation of fraudulent joinder is solely based on lack of personal jurisdiction, not the substantive aspects of Plaintiff's claims.  (*Id*.).

## II.     LEGAL STANDARDS

A defendant in a state court action can remove the case to federal court if the federal court would have original jurisdiction over that action.[3]  28 U.S.C. § 1441(a).  This Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  When a case involves multiple parties, there must be complete diversity; "no plaintiff [may] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592

---

[1] That Plaintiff is a Brazilian citizen is not contested.
[2] German Technify is the only party Defendants allege was fraudulently joined. (D.I. 11).
[3] Defendants Continental and Technify USA are both Delaware corporations. (D.I. 16 ¶¶ 12, 14).  The forum defendant rule would normally preclude Defendants from removing to federal court, but Defendants utilized "snap removal."  Per 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  In-state defendants may remove to federal court before they are both properly joined and served. *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018).  The Delaware Defendants had not been served at the time the action was removed from state court. ( D.I. 1 ¶ 5).

F.3d 412, 419 (3d Cir. 2010).  The complete diversity requirement is not met when alien citizens are on both sides of the action.  *Field v. Volkswagenwerk AG*, 626 F.2d 293, 296 (3d Cir. 1980).

The complete diversity rule may be disregarded where a defendant has been fraudulently joined.  *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 n. 4 (3d Cir. 1995).  "[J]oinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

"If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  *Boyer*, 913 F.2d at 111.  "The removing party carries a heavy burden of persuasion" in demonstrating the state court could not possibly find the complaint states a cause of action against the allegedly fraudulently joined defendant.  *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).  For the joinder to be fraudulent, plaintiff's failure to state a claim must be "obvious according to settled rules of the state."  *Boyer*, 913 F.2d at 112.  "A district court must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff."  *Id*. at 111.  "[A]ll doubts should be resolved in favor of remand."  *Id*.  (quoting *Steel Valley Auth. v. Union Switch & Signal Div*., 809 F.2d 1006, 1010 (3d Cir. 1987)).  The court may not find that a party was fraudulently joined based on the merits of the claims or defenses against the non-diverse party.  *In re Briscoe*, 448 F.3d at 218.

4

III.  DISCUSSION

A.  **Motion to Remand**

Defendants allege that German Technify was fraudulently joined because there is no basis for this Court's personal jurisdiction over it. (D.I. 11 ¶ 7). The Court may find there was fraudulent joinder if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer*, 913 F.2d at 111. Apart from the Defendants' assertion that the Court lacks personal jurisdiction over the non-diverse party, the Defendants do not argue Plaintiff has no "reasonable basis in fact or colorable ground supporting the claim against the joined defendant." Instead, Defendants assert that Plaintiff has "no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." (D.I. 11 ¶ 7; D.I. 23 at 5). Plaintiff filed a motion to serve German Technify on April 1, 2020. (D.I. 31). It is fully briefed. Because Plaintiff has submitted a motion to serve German Technify, the Court finds that Plaintiff has demonstrated a good faith intention to prosecute the action against German Technify.

The only other basis for a finding of fraudulent joinder would be if the Court were to determine Plaintiff's claims against German Technify have "[no] reasonable basis in fact or [there is no] colorable ground supporting the claim[s]." *Boyer*, 913 F.2d 108, 111. The Defendants argue Plaintiff has no colorable ground supporting the claims because the Court lacks personal jurisdiction over German Technify. (D.I. 11 ¶ 7).

The issue of whether lack of personal jurisdiction may serve as the sole basis for a finding of fraudulent joinder has not been decided by the Third Circuit. I assume that it could be, but I do not need to reach it.

At least one court in this circuit has found that the court may first resolve the issue of subject matter jurisdiction before reaching the issue of personal jurisdiction where lack of personal

5

jurisdiction is the sole basis of the defendants' fraudulent joinder challenge to a motion to remand. *YA Glob. Invs., L.P. v. McKenzie Bay Int'l Ltd.*, 2010 WL 398379, at *4 (D.N.J. Jan. 27, 2010). Courts in other circuits have determined the issue of personal jurisdiction should precede the issue of subject matter jurisdiction when evaluating the fraudulent joinder of a party. In these cases the courts chose to address the issue of personal jurisdiction before fraudulent joinder and subject matter jurisdiction because personal jurisdiction was more easily resolved. *See In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 164 F. Supp. 3d 1040, 1046 (N.D. Ill. 2016) (finding the issue of fraudulent joinder to be "more difficult and novel" than a straightforward personal jurisdiction analysis, meaning the personal jurisdiction analysis should precede the fraudulent joinder analysis); *Addelson v. Sanofi*, 2016 WL 6216124, at *2 (E.D. Mo. Oct. 25, 2016) (deciding the issue of personal jurisdiction to avoid deciding the more complex issue of fraudulent joinder); *Thomas v. Mitsubishi Motor N. Am., Inc.*, 436 F. Supp. 2d 1250, 1251–52 (M.D. Ala. 2006) (deciding the issue of personal jurisdiction as the basis for fraudulent joinder before deciding subject matter jurisdiction).

The Court is persuaded that it should address the issue of subject matter jurisdiction before personal jurisdiction because (1) federal district courts have the discretion to determine the order in which they evaluate subject matter jurisdiction and personal jurisdiction; (2) in this case the subject matter jurisdiction analysis is more straightforward than the personal jurisdiction analysis; and (3) the Third Circuit has repeatedly emphasized the plaintiff's *claim* in their fraudulent joinder jurisprudence.

Federal courts have discretion as to the respective order of rulings on subject matter jurisdiction and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999). Courts should determine the order in which to take these issues based on the principles of

federalism and judicial economy. *Id*. at 586. When subject matter jurisdiction is straightforward that should "impel the federal court to dispose of that issue first." *Id*. at 588. "If personal jurisdiction raises 'difficult questions of [state] law,' and subject-matter jurisdiction is resolved 'as eas[ily]' as personal jurisdiction, a district court will ordinarily conclude that 'federalism concerns tip the scales in favor of initially ruling on the motion to remand.'" *Id*. (quoting *Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir. 1986)). If "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Id*.

The Court will use its discretion to decide the issue of subject matter jurisdiction first as this promotes both judicial economy and federalism values. The Defendants have not provided any authority stating the Court must decide the issue of personal jurisdiction before the issue of subject matter jurisdiction where lack of personal jurisdiction is the sole basis for a claim of fraudulent joinder.[4] (D.I. 11; D.I. 23). In fact, Defendants repeatedly emphasize that the Court's decision is discretionary, but argue that because the issue of personal jurisdiction is more easily determined than the issue of subject matter jurisdiction, the Court should analyze personal jurisdiction first. (D.I. 23 at 14). Contrary to Defendants' assertion, the question of personal jurisdiction is much more complicated than the question of subject matter jurisdiction in this case. (D.I. 23 at 14). The Court would need to grant jurisdictional discovery to determine whether it has personal jurisdiction over German Technify, but the Court need not engage in additional fact finding to decide the issue of subject matter jurisdiction.

---

[4] The Court also cannot find any authority that would support this proposition.

Plaintiff asserts Delaware has personal jurisdiction over German Technify through the "alter ego and/or agency" theories. (D.I. 24 at 8). Under the alter ego theory, a corporation may be considered an alter ego of a parent corporation if the "plaintiff shows 'some fraud, injustice, or inequity in the use of the corporate form,' including a showing that the two corporations did not observe corporate formalities." *Cephalon, Inc. v. Watson Pharm., Inc.*, 629 F. Supp. 2d 338, 348 (D. Del. 2009) (quoting *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 559 (D. Del. 1998)). To establish a *prima facie* case of personal jurisdiction via the alter ego theory, the plaintiff must plead a plausible picture of control of the parent corporation over the subsidiary. *See Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 781 (3d Cir. 2018). The Court determines "whether an agency relationship exists" by weighing four factors: "[1] the extent of overlap of officers and directors, [2] methods of financing, [3] the division of responsibility for day-to-day management, and [4] the process by which each corporation obtains its business." *Nespresso USA, Inc. v. Ethical Coffee Co.*, 263 F. Supp. 3d 498, 505 (D. Del. 2017) (quoting *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991)). "The agency theory may be applied not only to parents and subsidiaries, but also to companies that are 'two arms of the same business group,' operate in concert with each other, and enter into agreements with each other that are nearer than arm's length." *Cephalon*, 629 F. Supp. 2d at 348 (quoting *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 863 F. Supp. 186, 188-89 (D. Del. 1993)).

Plaintiff "bears the burden of demonstrating facts that support jurisdiction," and the "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). The Court finds Plaintiff's claim is not clearly frivolous. It would be improper for the Court to deny remand

for lack of personal jurisdiction without granting jurisdictional discovery. Granting jurisdictional discovery before deciding the issue of subject matter jurisdiction would not promote judicial economy or federalism values.

Finally, the Court finds the issue of personal jurisdiction is distinct from whether Plaintiff has "a reasonable basis in fact or colorable ground supporting the claim[s]." In the Third Circuit's jurisprudence on fraudulent joinder, the Court repeatedly emphasizes the plaintiff's claim or cause of action. *Boyer*, 913 F.2d at 111 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983)) ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."); *Abels*, F.2d 26 at 32 ("enough recent authority supporting such a cause of action exists to constrain us from holding that there is no "colorable" legal basis for the . . . claims"); *see also Batoff*, 977 F.2d at 851 (quoting *Boyer*)). A party may have a claim where a court lacks jurisdiction, and a court may have jurisdiction over a party without a valid claim. Defendants have failed to raise any challenge to Plaintiff's claims against German Technify. The Defendants bear the burden of persuasion for a finding of fraudulent joinder, and they have failed to meet this burden.

### B.     Plaintiff's Request for Attorney's Fees.

Plaintiff requests attorney's fees for improper removal under 28 U.S.C. § 1447(c). (D.I. 15 at 8). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants' theory of fraudulent joinder is not without arguable support and thus the Court cannot find that it was objectively unreasonable. The Court denies Plaintiff's request for attorney's fees.

IV.     CONCLUSION

Plaintiff's motion for remand is granted because the parties are non-diverse, and Defendants have failed to meet their burden to show the non-diverse party was fraudulently joined. Plaintiff's request for attorney's fees is denied because removal was not objectively unreasonable.